THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division


**JOSEPH WARD,**

       **Plaintiff,**

**v.**                                   **Civil Action No. 2:03cv862**

**VIRGINIA DEPARTMENT OF CORRECTIONS,**

**GENE M. JOHNSON,
IN HIS OFFICIAL CAPACITY AS
DIRECTOR OF THE VIRGINIA DEPARTMENT OF
CORRECTIONS,**

**ST. BRIDES CORRECTIONAL CENTER,**

**and**

**JOHN GARMAN,
IN HIS OFFICIAL CAPACITY AS
WARDEN, ST. BRIDES CORRECTIONAL CENTER,**

       **Defendants.**


## OPINION AND ORDER

Plaintiff Joseph Ward brought this action against the defendants, Virginia Department of Corrections (the "Department"), St. Brides Correctional Center ("St. Brides"), Gene M. Johnson, and John Garman (collectively, "Defendants"), alleging disparate discipline in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.  The matter

is currently before the Court on Defendants' Motion to Dismiss Plaintiff Ward's Third Amended Complaint for lack of subject matter jurisdiction.  (Docket No. 25.)  For the reasons set forth below, the Motion to Dismiss is **GRANTED**.

## I.  Factual Background

Plaintiff Joseph Ward, a black male, has been employed with the Department since January 1, 1986 as a correctional officer. Plaintiff Ward initially worked at St. Brides in Chesapeake, Virginia.

In early 2002, a female Department employee alleged that a white male Department employee sexually harassed her.  Plaintiff Ward contends that the white male employee received no discipline whatsoever despite ample evidence of wrongful conduct.

On September 28, 2002, a female correctional officer at St. Brides alleged that Plaintiff Ward sexually harassed her.  On December 20, 2002, following a Department investigation, Plaintiff Ward was punished by a ten (10) day unpaid suspension and a transfer to the Greensville Correctional Center in Jarratt, Virginia.

On December 26, 2002, Plaintiff Ward filed a grievance with the Department alleging (1) disparate disciplinary action and (2)

unwarranted disciplinary action.  The resulting written opinion,[1] which was issued on April 25, 2003, upheld the disciplinary action against Plaintiff Ward.  The Administrative Law Judge ("ALJ") rejected Plaintiff Ward's disparate discipline claim, specifically finding that the white male Department employee accused of sexual harassment was, in fact, disciplined and that the discipline applied was appropriate to his offense.  (ALJ Opinion at 4-5.)  Plaintiff Ward thereafter filed this action alleging the same claims previously asserted in the administrative proceeding.[2]

## II.  Standard of Review

The standard the Court applies in considering motions to dismiss under Fed. R. Civ. P. 12(b)(1) depends on the contention of the moving party.  See Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982); King v. Riverside Reg'l Med. Ctr., 211 F. Supp. 2d 779, 780-81 (E.D. Va. 2002).  First, the moving party may contend that the complaint fails to allege facts sufficient to establish subject matter jurisdiction.  Adams, 697 F.2d at 1219; King, 211

---

[1] The opinion was authored by Administrative Law Judge David J. Latham following a hearing where four witnesses testified in addition to Plaintiff Ward.

[2] Plaintiff Ward has amended his Complaint three times – the latest in response to Defendants' first Motion to Dismiss (Docket No. 8).  The motion before the Court addresses plaintiff's Third Amended Complaint.

3

F. Supp. 2d at 781.  Second, the moving party may contend that the alleged jurisdictional facts are not true.  Adams, 697 F.2d at 1219; King, 211 F. Supp. 2d at 781.  In either case, the burden is on the plaintiff to prove that federal jurisdiction is proper.  McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Richmond, Fredericksburg, & Potomac R.R. Co. v. United States, 945 F.2d 765, 768-69 (4th Cir. 1991); Adams, 697 F.2d at 1219; King, 211 F. Supp. 2d at 780-81.

When the moving party attacks the sufficiency of the alleged facts, as Defendants do here, "the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration."  Adams, 697 F.2d at 1219; see also King, 211 F. Supp. 2d at 781.

The standards the Court applies to a Fed. R. Civ. P. 12(b)(6) motion are well-established.  The purpose of such a motion is to test the legal sufficiency of the complaint rather than the truthfulness of the factual allegations made in support of the plaintiff's claims.  Hall v. Virginia, 385 F.3d 421, 427 (4th Cir. 2004); see Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994); Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).  The Court must accept as true all well-pleaded allegations contained in the plaintiff's complaint and the Court must view the complaint in a light most favorable

to the plaintiff. T.G. Slater & Son, Inc. v. The Donald P. & Patricia A. Brennan LLC, 385 F.3d 836, 841 (4th Cir. 2004); Hall, 385 F.3d at 427; Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. Analysis

Under the Rooker-Feldman Doctrine, federal district courts generally do not have subject-matter jurisdiction to review the decisions reached in state judicial proceedings. Shooting Point, L.L.C. v. Cumming, 368 F.3d 379, 383 (4th Cir. 2004); Safety-Kleen, Inc. v. Wyche, 274 F.3d 846, 857 (4th Cir. 2001); Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997). The Rooker-Feldman Doctrine is not limited to proceedings that "assume the form commonly associated with judicial proceedings," but, rather, the doctrine applies to all proceedings that share the same "nature and effect" as a state court proceeding. See D.C. Ct. of App. v. Feldman, 460 U.S. 462, 482 (1983); Allstate Ins. Co. v. W. Va. State Bar, 233 F.3d 813, 817 (4th Cir. 2000); Edmonds v. Clarkson, 996 F. Supp. 541, 547 (E.D. Va. 1998).

The Rooker-Feldman Doctrine applies both to issues actually determined by state courts and to those issues that are "inextricably intertwined" with questions ruled upon by state courts. Burrell v. Virginia, 395 F.3d 508, 511 (4th Cir. 2005); Shooting Point, L.L.C., 368 F.3d at 383; Barefoot v. City of

5

<u>Wilmington</u>, 306 F.3d 113, 120 (4th Cir. 2002); <u>Safety-Kleen, Inc.</u>, 274 F.3d at 857-58. A federal claim is "inextricably intertwined" with a state court's ruling (1) when a party could have raised the issue in the state proceeding, and (2) when a party's success on the federal claim depends on the federal court's determination that the state court's ruling was wrongly decided. <u>Shooting Point, L.L.C.</u>, 368 F.3d at 383; <u>Barefoot</u>, 306 F.3d at 120; <u>Safety-Kleen, Inc.</u>, 274 F.3d at 858; <u>see</u> <u>Brown & Root, Inc. v. Breckenridge</u>, 211 F.3d 194, 201-02 (4th Cir. 2000) (holding that federal claim is inextricably intertwined with state court judgment when plaintiff had reasonable opportunity to raise federal claim in state court proceedings).

"[A] 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" <u>Burrell</u>, 395 F.3d at 511-12 (quoting <u>Brown & Root, Inc.</u>, 211 F.3d at 198); <u>see</u> <u>also</u> <u>Shooting Point, L.L.C.</u>, 368 F.3d at 383. Because federal jurisdiction to review a state court decision belongs solely to the United States Supreme Court, 28 U.S.C. § 1257, a federal district court cannot properly exercise jurisdiction over a case that is functionally equivalent to an appeal from a state court's judgment. <u>Shooting Point, L.L.C.</u>, 368 F.3d at 384; <u>Brown & Root, Inc.</u>, 211 F.3d at 198.

6

Plaintiff Ward's Third Amended Complaint alleges that the Department disciplined him differently than his similarly situated white counterpart and that the more severe punishment Plaintiff Ward received was due to racial discrimination. However, Plaintiff Ward has previously litigated and lost on this claim. In a written opinion, the ALJ hearing Plaintiff Ward's grievances made a factual finding that the white counterpart, like Plaintiff Ward, was disciplined appropriately for his offense.

Plaintiff Ward's counsel conceded at oral argument that this Court can rule in favor of Plaintiff Ward on his Title VII claim only by making factual findings different from those made by the ALJ. (Tr. at 16-17). This Court is powerless to do so. See Shooting Point, L.L.C., 368 F.3d at 383; Jordahl v. Democratic Party of Va., 122 F.3d 192, 202 (4th Cir. 1997) (holding that Rooker-Feldman Doctrine is implicated when federal court must determine state court judgment to be in error or must take action that would render state court action ineffectual). This Court therefore lacks subject matter jurisdiction because the issue of disparate discipline (or one "inextricably intertwined" with that issue) has been resolved in a state judicial proceeding.[3] See

---

[3] Plaintiff Ward's counsel concedes that the opinion was authored by an administrative law judge and that the process was a "judicial proceeding" under the Rooker-Feldman Doctrine. See Hurdle v. Va. Dep't of Envtl. Quality, 227 F. Supp. 2d. 549, 562 n.14 (E.D. Va. 2002); see also Va. Code § 2.2-3005 (granting

Shooting Point L.L.C., 368 F.3d at 383; Safety-Kleen, 274 F.3d at 857-58; Plyler, 129 F.3d at 731.

Plaintiff Ward does not challenge the adequacy of the Commonwealth of Virginia's grievance procedures.[4] He instead challenges the accuracy of the ALJ's factual findings. Plaintiff Ward blames his pro se status and logistical difficulties for the allegedly incorrect factual findings. Plaintiff Ward claims that he would have obtained evidence of the white male employee's lesser discipline if he had been represented by competent counsel or even if he simply had more resources.

Plaintiff Ward's failure to retain counsel to represent him in the grievance process might have been unwise, and the ALJ's finding is arguable in light of after-discovered evidence. However, neither alleged defect is relevant to the issue of subject matter jurisdiction. The sine qua non of an "inextricably intertwined" issue under the Rooker-Feldman Doctrine is that Plaintiff Ward could have raised the issue, not that he did raise the issue but litigated it incompetently. See Brown & Root, Inc., 211 F.3d at 201.

---

administrative law judges authority to make final, binding, written decisions in grievance hearings); Feldman, 460 U.S. at 481-82 (holding that nature and effect of proceeding controls).

[4]  See Montana v. United States, 440 U.S. 147, 164 n.11 (1979) ("Redetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation.").

## IV.  Conclusion

For the reasons stated in this Order, the Court **GRANTS** Defendants' Motion to Dismiss.

The Court **DIRECTS** the Clerk to mail a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

                                              /s/
                                     WALTER D. KELLEY, JR.
                                UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June 29, 2005